UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD CLEMONS )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA ) | CAUSE NO. 3:05-CV- 326 RM<br>(Arising from 3:04-CR-24(01) RM) |

OPINION AND ORDER

Richard Clemons filed his petition for a writ of habeas corpus under 28 U.S.C. § 2255 and the government responded by arguing that Mr. Clemons waived his right to file a habeas petition in his plea agreement. The court directed the government to supplement its response because the validity of Mr. Clemons's waiver was unclear. The government now argues that Mr. Clemons's waiver is valid because Mr. Clemons's statements at his sentencing hearing demonstrate that it was knowing and voluntary. Despite the court's request, Mr. Clemons hasn't filed a reply addressing the issue of whether his waiver is valid. For the reasons that follow, the court finds that Mr. Clemons's waiver is valid, and accordingly denies his motion to set aside judgment.

A plea agreement is not only a contract, it is also a stage in a criminal proceeding. United States v. Cook 406 F.3d 485, 487 (7th Cir. 2005). A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d at 487; United States v. Whitlow, 287 F.3d 638, 640 (7th Cir.

2002), or when a defendant claims the waiver was involuntary or that counsel was ineffective in negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999).  The relevant language of the Mr. Clemons's plea agreement provides:

> I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) **as set forth in this plea agreement. With that understanding**, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. (emphasis added).

The statutory maximum "as set forth in this plea agreement" was 10 years imprisonment, but Mr. Clemons wound up with a 15-year sentence because he was found to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1).

The government contends that this discrepancy doesn't affect the waiver's validity because the sentence imposed didn't breach the terms of the agreement since Mr. Clemons knew when he entered into the agreement that a 15-year term was a possibility if he was found to be armed career criminal.

At sentencing, the inconsistency between the plea agreement and Mr. Clemons's proposed sentence was addressed, and Mr. Clemons affirmed that he understood he was facing a 15-year sentence when he pleaded guilty.[1] This

---

[1] During the sentencing hearing the court, the government, defense counsel and Mr. Clemons had the following dialogue:
THE COURT:         My concern is that the plea agreement provided that there's a maximum term of imprisonment of 10 years, and I guess I'm not sure how we proceed to a sentence of 15 years on such a plea

| | |
|---|---|
| | agreement. |
| MR. TRUITT: | The plea agreement provided that Mr. Clemons plead guilty to the offense of being in possession of a firearm having previously been convicted of a felony offense.  I don't see -- and the maximum sentence for that is 10 years. Now, pursuant to statute, 18 United States Code 924(e), I believe, a person who pleads guilty or is found guilty of that offense and who has three prior convictions for either a drug-trafficking offense or a crime of violence shall be sentenced to a minimum -- a mandatory minimum term of 15 years, and that is something that results, you know, from his being found guilty of this offense and then imposition of 18 United States Code 924(e) which is merely amplified in the Sentencing Guidelines and provides a mechanism for effectuating the will of Congress, so I don't see where -- I would like to have an argument, but I don't think there is an argument, that the plea agreement that says that we acknowledge that there's a 10-year term is affected by Blakely or Booker and I don't think would be affected by any decision that the Supreme Court may or may not make. |
| THE COURT: | I guess I'm not trying to ask a Blakely or Booker question. |
| MR. TRUITT: | Okay. |
| THE COURT: | What I'm trying to determine -- I don't have the arraignment transcript, but I assume Mr. Clemons was told at his arraignment that this was punishable by a term of imprisonment of up to10 years.  And at the plea, the change of plea, he was told it was punishable by a term of imprisonment of up to 10 years.  And I guess my concern is how on that plea agreement does he walk out with sentence of 15 years.  Is that a problem? |
| MR. TRUITT: | I don't see it as a problem.  Mr. Clemons and I have recognized and Ms. Lowery Miller and I have recognized from the very beginning that this case involved armed career criminal, and I'm not --I guess it's possible to charge armed career criminal, and |
| MR. TRUITT (cont.) | then the Court would advise him, but I don't see a problem on the-- |
| MRS. LOWERY: | If I might? |
| THE COURT: | You may. |
| MRS. LOWERY: | I don't have the arraignment transcript either, but it is my recollection -- as Mr. Truitt says, we've  discussed this from the inception of this case, that he possibly qualified as an armed career criminal.  It is my recollection that he was advised at arraignment that was a possibility, although not a certainty at that time. |
| THE COURT: | That's helpful.  Mr. Clemons, was that your understanding? |
| MR. CLEMONS: | From what I gathered, the Government is wanting to charge me with being a career criminal.  But at the arraignment here, they simply stated -- which is inside that paper right there – that being a convicted felon in possession of a firearm was a 10-year sentence. But with them filing the career criminal, that would be, you know, 15 years, maximum of 15 years. |
| THE COURT: | So your understanding when you pled guilty was that you were |

3

dialogue demonstrates that Mr. Clemons was fully aware of the charges against him and the possibility of an enhanced penalty based on his criminal history, and that he knowingly and voluntarily entered into the agreement with that basic understanding.

That both parties understood that 15 years was a possibility does not resolve whether the government breached its end of the bargain. The government points to an additional understanding outside the written terms of the contract — that Mr. Clemons could get 15 years. At Mr. Clemons's change of plea hearing, both the government and the defendant expressed that the entire agreement was embodied in the plea agreement.[2] Thus, the argument that there was not a breach

---

|              |                                                                          |
|--------------|--------------------------------------------------------------------------|
|              | facing a 15-year sentence?                                               |
| MR. CLEMONS: | Yes, sir.                                                                |
| THE COURT:   | Okay. Okay. Then I do understand the situation much better than I did when we started. |

[2] During the change of plea hearing the court, the government, defense counsel and Mr. Clemons had the following dialogue:

| | |
|---|---|
| THE COURT: | We've talked about several things having to do with sentencing. We've talked about that ten-year maximum that Congress talked about. We talked about looking over the Guidelines with Mr. Truitt to try to get an idea as to how they will play out. We talked about these recommendations that the Government has promised to make, one of them depended on what happens between now and sentencing. Other than what we've talked about, has anyone made any other promises or prediction to you as to what sentence your are going to get in this case? |
| MR. CLEMONS: | No, sir |
| THE COURT: | That is how I understand your agreement, sir. Is that how you understand it? |
| MR. CLEMONS: | Yes, sir, it is. |
| THE COURT: | Is there anything that I said that didn't sound right to you that you didn't think you agreed to? |
| MR. CLEMONS: | No, sir. |
| THE COURT: | Is there anything that I did not say that you thought the Government has promised you or that you promised the Government? |
| MR. CLEMONS: | No, sir. |

simply because all parties understood the terms of the agreement, including terms not included in the plea agreement, cannot complete the inquiry.

Still, the plea agreement remains valid. Despite the court's invitation, Mr. Clemons has pointed to nothing in the record to indicate that the government breached its end of the bargain. The court of appeals has held consistently that the government must fulfill any promise that it expressly or impliedly makes in exchange for a defendant's guilty plea. United States v. Matchopatow, 259 F.3d 847, 851-852 (7th Cir. 2001) *citing* United States v. Williams 198 F.3d 988, 992-993 (7th Cir. 1999); United States v. Schilling, 142 F.3d 388, 394-395 (7th Cir.1998); United States v. Ingram, 979 F.2d 1179, 1184 (7th Cir.1992). In determining whether the government broke its promise, the court looks to the parties's reasonable expectations upon entering the agreement. Id. The government agreed to make a non-binding recommendation for a 3-level reduction for Mr. Clemons's acceptance of responsibility under U.S.S.G § 3E1.1, and to make a non-binding recommendation that the sentence imposed be at the low end of the applicable guideline range. The government fulfilled both its promises. It was left to the court to sentence Mr. Clemons according to relevant statutes, including the Armed Career Criminal Act. *See* United States v. Williams, 198 F.3d

---

| | |
|---|---|
| THE COURT: | And so the whole agreement is what I just tried to summarize? |
| MR. CLEMONS: | Yes, it is. |
| THE COURT: | Mr. Truitt, did my summary match your understanding? |
| MR. TRUITT: | It did, You Honor. |
| THE COURT: | And, Ms. Lowery, did it match yours? |
| MS. LOWERY: | Yes, Your Honor. |

at 992-993. Because Mr. Clemons entered into the agreement knowingly and voluntarily and the government did not breach the terms of the plea agreement, Mr. Clemons's waiver is binding and valid.

Mr. Clemons also claims he received ineffective counsel, but this claim does not go to the negotiation of the plea agreement. United States v. Jones, 167 F.3d at 1146. Moreover, Mr. Clemons has not established any prejudice since he hasn't pointed to any evidence that shows he wouldn't have pleaded guilty had counsel acted differently. United States. v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005). Mr. Clemons's claim that he received ineffective counsel cannot succeed. Id.

Finally, Mr. Clemons asks the court to vacate his sentence on several additional grounds. Since the plea agreement contains a valid waiver, and because these additional arguments don't challenge the voluntariness of his waiver, put forth a credible argument regarding counsel's effectiveness in negotiating the plea agreement, or argue any other grounds for the recession of the plea agreement, the court denies Mr. Clemons's petition to vacate on these additional grounds. See United States v. Sines 303 F.3d 793, 798 (7th Cir. 2002).

For these reasons, Mr. Clemons's petition filed pursuant to 28 U.S.C. § 2255 [Docket No. 23] is DENIED.

SO ORDERED.

Entered: November 29, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court